UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALVIN R. TAYLOR, | ) | CASE NO. 1:07 CV 497 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ALISON L. FLOYD, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On February 21, 2007. plaintiff pro se Alvin R. Taylor filed the above captioned action under 42 U.S.C. § 1983, on behalf of himself and his minor child, against Cuyahoga County Juvenile Court Judge Alison L. Floyd, Cuyahoga County Juvenile Court Magistrate Darlene Amato, Cuyahoga County Department of Children and Family Services ("DCFS") Social Worker Suzy Harris, DCFS Supervisor Ricardo Feliciano, DCFS Senior Supervisor Vikki Csornok, DCFS Social Worker Jennifer Kertis, DCFS Supervisor Ken Komperda, Hitchcock Center for Women Employee Diane Curry, Ms. Clida Helmick, Ms Helmick's Probation Officer Mr. Keppler, and Attorney Theodore Amata. In the complaint, plaintiff alleges that he has been denied custody of his minor child. He asks this court to declare the orders of the Cuyahoga County Juvenile Court to be

unconstitutional, to declare Ms. Helmick to be an unfit mother and to restore him as the custodial parent of the minor child. He also seeks compensatory and punitive damages against the defendants for deprivations of his constitutional rights.

Mr. Taylor also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## Background

Mr. Taylor and Ms. Helmick are the parents of a minor child who has been the subject of a Cuyahoga County Juvenile Court matter for the past four years. Mr. Taylor contends that Ms. Helmick had a substance abuse problem and repeatedly abandoned the minor child to the care of strangers in unsuitable surroundings while she was under the influence of drugs or alcohol. He was appointed as the custodial parent on June 16, 2003. He indicates that at the time of the initial award of custody, Ms. Helmick was incarcerated. He states that upon her release, she made no effort to contact him or her child.

Mr. Taylor contends that Ms. Helmick and her sister made several false reports of abuse to DCFS in February 2004. The social worker that visited Mr. Taylor allegedly indicated that the home was a very good environment for the child and complimented Mr. Taylor. Mr. Taylor was, however, the defendant in a pending criminal action. DCFS agreed to stay in contact with Mr. Taylor, and in the event of his conviction and incarceration, would assist in placing the child in the temporary custody of one of Mr. Taylor's relatives. Mr. Taylor was convicted of the charges and was sentenced to serve one year of incarceration, which began in August, 2005. As arranged, one of his relatives took custody of the child. Mr. Taylor states that although Ms. Helmick had knowledge of his incarceration, she made no attempt to contact her child.

2

Ms. Helmick then became the subject of a criminal action. At her sentencing in November 2005, Ms. Helmick allegedly misled the court to believe that she was the custodian of the minor child. Based on this information, she was ordered to serve her sentence in a drug treatment facility designated for women with children rather than serve her time in a prison. Mr. Taylor claims that Ms. Helmick was then motivated to seek custody of the minor child.

During this time. the DCFS social worker handling the case was replaced by Suzy Harris. Mr. Taylor contends that Ms. Harris filed a complaint in Juvenile court seeking to have the minor child declared to be neglected or dependent based upon his father's incarceration. He claims his relatives were misled to believe that Ms. Harris had filed the complaint to prevent Ms. Helmick from obtaining custody. He claims they were told to encourage him to relinquish his parental rights. Mr. Amata was appointed by the court to represent Mr. Taylor. He contends that Mr. Amata would not return his telephone calls and failed to properly represent him. He indicates that the complaint was dismissed December 19, 2005.

A second Juvenile Court custody proceeding was initiated by Ms. Harris. The nature of this action is not entirely clear from the pleading. Mr. Taylor indicates that a hearing was held on February 10, 2006 on the DFCS allegation that "the minor was in immediate danger from his surroundings." (Compl. at 13.) Mr. Taylor's sister, with whom the child had been living, was not permitted to be in the hearing room. The complaint was dismissed on April 20, 2006 due to time limitations.

A third complaint was filed by DCFS that same day. Mr. Taylor had been transported to the County Jail so that he could be present for the hearing scheduled for April 20, 2006. Mr. Taylor claims he learned at the hearing that his child had already been removed from his

3

sister's home. Magistrate Amato awarded temporary custody of the child to Ms. Helmick. Ms. Helmick was then able to be placed with the child in the institutional treatment facility. Mr. Taylor was permitted to have only supervised visits with the child upon his release.

Upon his release from prison, Mr. Taylor was able to resume some of his parental duties. Ms. Helmick moved into an apartment with Mr. Taylor when she was released form the treatment facility. Since that time, Mr. Taylor contends that Ms. Helmick began abusing drugs and alcohol. He indicates that he has sought the assistance of DFCS in regaining custody of the minor child but has been rebuffed in his efforts.

Mr. Taylor contends that "the actions of the defendants...constituted intentional neglect in furtherance of an unlawful conspiracy to deprive [him and his child] of their constitutional rights...a violation of the U.S.C. Amendments and Federal Laws." (Compl. at 46.) He asserts that they concealed evidence that would suggest that Ms. Helmick would be an unsuitable custodian for the child. He contends that the government officials "deprived the plaintiffs ...of their constitutional rights, whereby the plaintiffs deprived suffered injury of the mind and/or body as a result, [in] violation of the U.S.C. Amendments and federal laws." (Compl. at 46.) He claims several defendants failed to report the unlawful actions of the co-workers. Finally, he contends that the defendants failed to properly investigate or consider his allegations regarding Ms. Helmick's behavior and substance abuse problems. He seeks a declaration that the Cuyahoga County Juvenile Court lacked jurisdiction over the case and violated his rights and the rights of his son under the Fourteenth Amendment. He further asks this court to order Cuyahoga County Juvenile Court Judge Alison Floyd and Magistrate Amato to immediately restore him as the custodial parent and rescind the parental rights of Ms. Helmick pending a complete investigation

4

into her fitness for parenting. Finally he seeks monetary damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Taylor brings this action on behalf of himself and his minor child. In general, a party may plead and conduct his or her case in person or through a licensed attorney. See 28 U.S.C. § 1654; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991).[2] An adult litigant who wishes to proceed pro se must personally sign the complaint to invoke this court's jurisdiction. See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL

---

[1]    An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2]    28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

54071 (6th Cir. May 26, 1988). A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); Lawson v. Edwardsburg Public School, 751 F.Supp. 1257 (W.D. Mich. 1990). Only Mr.Taylor's signature appears on the pleading. There is no indication that Mr. Taylor is a licensed attorney authorized to represent the remaining plaintiff. Consequently, the only claims properly before this court are those of Mr. Taylor. This court will address only those claims.

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 at *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998);

6

see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, it is clear that Mr. Taylor is contesting the decision of the Juvenile Court to award custody to Ms. Helmick. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state court was mistaken in rendering its decisions against him. Moreover, plaintiff requests as relief that the state judgment be declared unconstitutional and its execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

## Conclusion

Accordingly, Mr. Taylor's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 42 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C.

7

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

       IT IS SO ORDERED.

                                  _____

                                    DONALD C. NUGENT

                                    UNITED STATES DISTRICT JUDGE

Dated: June 14, 2007

---

[3]     28 U.S.C. § 1915(a)(3) provides:

     An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

8